## SUPREME COURT.

SAMUEL D. STEVENSON, respondent agt. HENRY C. PUSCH, appellant.

Where, on the trial a verdict was rendered for the defendant, and the plaintiff then moved for a new trial on a case, and the verdict was set aside and a new trial ordered, *with ten dollars costs to abide the event* ; thereupon the defendant appealed from this order to the general term, where it was affirmed *with costs.* Upon a second trial the defendant recovered a verdict:

*Held*, that in adjusting defendant's costs on the last trial, the *plaintiff*, and not the defendant, should be allowed the costs awarded on the appeal from the order directing a new trial.

*Erie General Term, April,* 1870.

*Present,* MARVIN, DANIELS, *and* TALCOTT, *Justices.*

APPEAL from order of special term, directing re-adjustment of costs. Upon the trial of the action a verdict was rendered for the defendant. The plaintiff then moved for a new trial on a case, and the verdict was set aside and a new trial ordered, with ten dollars costs, to abide the event. The defendant appealed from the order to the general term, where it was affirmed with costs. The cause was again tried, and the defendant recovered a verdict. Upon the adjustment of the defendant's costs he was allowed the costs awarded on the appeal from the order directing a new trial. The plaintiff appealed to the special term, and an order was there made directing the clerk to strike out of the defendant's bill, the costs awarded on the appeal from the order, and allowed them to the plaintiff. And the present appeal was taken from that order.

WM. H. GURNEY, *for appellant.*

T. J. SIZER, *for respondent.*

*By the court,* DANIELS, J.—By the provisions of the Code
which govern the rights of the parties to the present con-
troversy, the allowance to be made of costs upon the
affirmance of the order, was purely within the discretion
of the court.    This was expressly made so by section 306 of
the Code.    That provided that the costs of an appeal when
a new trial should be ordered, should be in the discretion
, of the court.    It accordingly had the power to award costs
generally dependent upon the ultimate result of the action,
in which case they would be recovered by the party
finally succeeding, or to order them only in favor of the
party succeeding upon the appeal itself.    The fact, that
they were not ordered in such a manner as to render them
dependent upon the final result of the suit, is a circumstance
very directly indicating that it was no part of the purpose
of the court to make such a direction concerning them.
And there was an obvious impropriety in awarding them
generally in favor of the party who had unsuccessfully
appealed from the order of the special term.    Either
such an order as that, or one rendering such discretionary
costs, dependent upon the final result of the action, would
not be a very discreet exercise of the authority conferred
upon the court, under the circumstances ordinarily presented
upon such appeals.    For it would not only tend to encour-
age injudicious appeals of that character, but beyond that,
it would be attended with the injustice of making the party
not at all in fault on that portion of the controversy, liable
for its expenses, in case the action should be finally deter-
mined in favor of his adversary.  These results would seem
to require that a direction which would produce them,
should be clearly given.    Cases, no doubt, arise where such
a direction would not be improper.    But where they do,
they should certainly be disposed of in such terms as will
leave no very great doubt as to what was the purpose of
the court.

The direction in this case, was not of that character.    It

was an award of costs without any special designation as to the party who should be entitled to recover them. And in view of the fact that the plaintiff had succeeded on that portion of the case, it must have been designed that the costs should be recovered by him. They were to compensate the party who was not in fault, for opposing an unsuccessful application made by his adversary. Where an order may be made generally with costs, it must from the nature of the case, be intended to be in favor of the party succeeding on the proceeding for which the costs are allowed. If that were not the case, there would be no sense or propriety in the form adopted, where the costs are intended to depend upon the final result, of expressly declaring that to be the case. The order of the special term was right, and it should be affirmed, but as the point seems to be without any adjudged authority upon it, no costs should be allowed.

MARVIN and TALCOTT, concur.